Hamilton et al., Appellants, v. Heinatz et al.

Argued March 28, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

reargument refused May 27, 1946.

Chas. B. Prichard, with him Prichard, Lawler, Malone & Geltz, for appellants.

J. Frank McKenna, with him Eugene B. Strassburger, J. Frank McKenna, Jr. and Strassburger & McKenna, for appellees.

PER CURIAM, April 16, 1946:

This appeal is from a decree sustaining preliminary objections and dismissing a bill for the specific performance of an oral agreement to convey real estate. The bill was dismissed on the ground that the Statute of Frauds stood in the plaintiff's way. We must affirm the decree.

William Hamilton died on May 28, 1940, leaving a widow, Constance Hamilton, and a number of children. By his will he disposed of an estate composed of real and personal property. Instead of distributing pursuant to the will, the widow and children made a family settlement involving the partition of real estate, conveyances being made to the widow and certain of the children. After that had been done, some of the children manifested dissatisfaction with the result. Apparently, to harmonize the differences among her children, the widow, Constance Hamilton, agreed to convey to each of the children who are plaintiffs, certain real estate which had been conveyed to her. She died June 17, 1944, before carrying out her intention. The defendants are a dissatisfied daughter and husband, and the executors of Mrs. Hamilton's estate, who have refused to make the conveyances for the reason stated.

There is nothing in the record to take it out of the general rule that an oral agreement to convey real estate may not be enforced. No other question needs discussion.

Decree affirmed, costs to be paid by appellants.